IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE ALLEN-FILLMORE | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | NO. 22-1610 |
| UNITED STATES OF AMERCA, | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

## MEMORANDUM

**Perez, J.**                                                                                               **August 31, 2023**

Plaintiff Jacqueline Allen-Fillmore has brought a negligence suit against the City of Philadelphia for personal injuries she sustained when she slipped and fell passing through a TSA security checkpoint at the Philadelphia International Airport. Defendant, City of Philadelphia, owns and operates the airport (herein referred to as "PHL"). This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF Doc. No. 33). Defendant asks this Court to dismiss the claim against it, arguing that the City retains immunity under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq. Having reviewed Plaintiff and Defendant USA's Responses in Opposition (ECF Doc. No. 41; ECF No. 42), and the City's Reply thereto (ECF No. 46), as well as for the reasons set forth below and good cause shown, Defendant's motion is **DENIED**.[1]

---

[1] Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ, P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed.R.Civ.P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id* at 324.

This Court has previously performed an exhaustive review of the record pursuant to its ruling on Defendant United States' Motion to Dismiss and Motion for Summary Judgment (ECF. No. 32). This Court made findings of fact in its Memorandum opinion (ECF No. 67), the bulk of which shall be incorporated for purposes of this motion. Viewing the evidence in a light most favorable to Plaintiff, a concise recitation of relevant facts follows.

In brief, this case arises out of a slip and fall injury suffered by the Plaintiff during a routine screening at a TSA checkpoint at PHL. As is the case for most airline passengers, Ms. Allen-Fillmore was instructed to remove her shoes before passing through security. Proceeding through the checkpoint area in her socks, she slipped on the terrazzo flooring, which is installed throughout most of the airport. The Director of Custodial services at PHL testified at a deposition that the terrazzo flooring at the airport had never been treated with anti-slip coating, despite the City's awareness of various slipping accidents by shoeless passengers.

The City, which is undoubtedly the owner of all airport property at PHL, provides the TSA with a delineated area in which to conduct security screenings of airline passengers. The Agreement between the City and the TSA does not make clear that either party is the sole possessor of the checkpoint area. It is clear to this Court that the TSA exerts tremendous control over when the City's custodial staff can enter the checkpoint areas. The City's access is largely restricted during the TSA's operating hours, unless the City is summoned for cleaning or maintenance. However, the facts also demonstrate that outside of TSA operating hours, the City maintained possession and control of the flooring even within the checkpoint grounds.

Plaintiff presents facts that the terrazzo flooring failed to comply with various codes and regulations pertaining to its usage, safety, and maintenance. There is enough evidence, under the summary judgment standard, for a reasonable factfinder to conclude that the City's negligence

created a hazardous condition for the thousands of shoeless passengers who travel through airport security screenings at PHL each day.

The United States and the City each point the finger at one another, asserting that they are not the possessor of the premises. This Court has already rejected the United States' argument that it does not own or lease the checkpoint area and does not exercise any control over the flooring decisions or maintenance for purposes of a negligence tort claim. The City now argues that the real property exception to the Pennsylvania Political Subdivision Tort Claims Act, does not apply in this case because it did not "possess" the checkpoint area where the incident occurred. 42 Pa. C.S.A. § 8541; 42 Pa. C.S.A. §8542(b)(3). This very dispute demonstrates that the premises liability question is too entangled in the of liability determination to make summary judgment appropriate in this case. There are genuine issues of material fact surrounding who was in possession of the checkpoint area and to what degree, if any, there is shared responsibility for Ms. Allen-Fillmore's injuries.

Drawing all inferences in favor of Ms. Allen-Fillmore as the non-movant, this Court finds that genuine issues of material fact remain with respect to a myriad of issues concerning liability in this case, including but not limited to: who possessed the land covering the checkpoint; whether the cleanliness of the flooring contributed to the slippery condition of the terrazzo; who was responsible for cleaning the security checkpoint areas; whether the cleaning and maintenance of the terrazzo flooring complied with pertinent building regulations on slip resistance; how often the terrazzo was cleaned; and whether the slippery condition of the terrazzo flooring was known and obvious. In short, the reasons behind the slippery condition and who may be liable are plainly in dispute.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court's review of the record finds that there exist genuine issues of material fact between the parties, rendering summary judgment inappropriate in this case. Accordingly, Defendant City of Philadelphia's Motion is denied. An appropriate Order to follow.

BY THE COURT:

_____
Hon. Mia R. Perez